Argued January 23; affirmed February 21, 1951

STATE EX REL. RAVEAUX *v.* RAVEAUX
RAVEAUX *v.* RAVEAUX
227 P. (2d) 974

*Ernest J. Burrows,* of Portland, argued the cause for appellant. With him on the briefs was George H. Layman, of Newberg.

*William B. Murray,* of Portland, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, WARNER and TOOZE, Justices.

WARNER, J.

After a trial before the Honorable Arthur N. Dibble, as Judge Pro Tem, at which both parties appeared in person, the court granted a decree on the 16th day of February, 1949, wherein, among other things, plaintiff was given a divorce from the defendant, the custody of the minor son of the parties with rights of visitation in the defendant, and defendant required to make monthly payments of $50.00 for the child's support. For several months thereafter, defendant voluntarily reduced the required amount of support money to a figure more to his liking. Upon plaintiff's application, the court ordered the defendant on June 6, 1949, to appear and show cause why he should not be held in contempt for his failure to make the payments required by the decree. The defendant, in response, not only filed an answering affidavit to plaintiff's application but also filed a motion for an order modifying the decree by reducing the amount of support money and permitting the defendant to have the sole custody of the child on week ends and holidays. These matters, arising after the decree, were heard before the Honorable Donald E. Long. After hearings on two different days with both parties present, the court entered orders denying defendant's motion and also an order holding defendant in contempt for failure to make full payment for the support of his child but giving defendant an adequate opportunity to purge the contempt in lieu of a commitment in the county jail. Upon defendant's failure to purge himself by making such pay-

ments, then amounting in the aggregate to only $60.00, the court later, on the 5th day of July, 1949, sentenced him to jail for thirty days. Defendant has appealed from the orders referred to.

Instead of exercising his right of appeal if dissatisfied with Judge Dibble's decision, defendant immediately elected to ignore the mandate of the decree and substituted his judgment for that of the court by making lesser payments for the support of his infant son than were judicially determined that he should pay. When cited to appear before Judge Long to explain his conduct in this respect, he attempted to exonerate himself by a false showing of his financial inability to meet the payments required by the decree, and this he did in the face of the fact that there had been no change in his circumstances since the entry of the decree a few months before in February of that year.

The record evidences a studied and stubborn determination on the part of the defendant to avoid payment except on his own terms. His conduct is palpably contemptuous and merited the order made by the court below. The defendant has been hoisted by a petard of his own making and under all of the circumstances is not entitled to sympathy or relief here.

We are convinced that the lower court did not abuse its discretion and that there is no merit to the appeal. The orders of the lower court are affirmed.